UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
LEWIS S. CLARK and PATRICIA E. CLARK, : No. 1:13-cv-03851-RPP
Individually and on Behalf of All Others :
Similarly Situated, :
: **CLASS ACTION**
:
          Plaintiffs, : **REPLY MEMORANDUM OF LAW IN**
: **FURTHER SUPPORT OF THE**
     v. : **MOTION OF THE INSTITUTIONAL**
: **INVESTOR GROUP FOR**
BARRICK GOLD CORPORATION, AARON : **CONSOLIDATION, APPOINTMENT**
W. REGENT, JAMIE C. SOKALSKY, and : **AS LEAD PLAINTIFF, AND**
AMMAR AL-JOUNDI, : **APPROVAL OF LEAD PLAINTIFF'S**
: **SELECTION OF COUNSEL**
          Defendants. :
:
------------------------------------------------------------ x
CLEMENT BERNARD, Individually and on : No. 1:13-cv-04123-RPP
Behalf of All Others Similarly Situated, :
:
          Plaintiff, :
:
     v. :
:
BARRICK GOLD CORPORATION, AARON :
W. REGENT, JAMIE C. SOKALSKY, and :
AMMAR AL-JOUNDI, :
:
          Defendants. :
------------------------------------------------------------ x
CITY OF BROCKTON RETIREMENT : No: 1:13-cv-05437-RPP
SYSTEM, Individually and on Behalf of All :
Others Similarly Situated, :
:
          Plaintiff, :
:
     v. :
:
BARRICK GOLD CORPORATION, AARON :
W. REGENT, JAMIE C. SOKALSKY, and :
AMMAR AL-JOUNDI, :
:
          Defendants. :
------------------------------------------------------------ x

The Institutional Investor Group respectfully submits this reply memorandum in further support of its motion for consolidation, appointment as Lead Plaintiff, and approval of its selection of counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, (ECF No. 15),[1] and in opposition to all competing motions.[2]

### PRELIMINARY STATEMENT

No movant has mustered any argument in opposition to the appointment of the Institutional Investor Group as Lead Plaintiff in this action, because there is none. There is no dispute that, under any metric employed by the courts in assessing the financial interests of lead plaintiff movants, the Institutional Investor Group's losses exceed those of all other movants *combined*.

It is also unsurprising that no movant challenges the ability of the Institutional Investor Group to meet the adequacy or typicality requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). The Institutional Investor Group, consisting of two large, sophisticated institutions with a pre-litigation relationship and prior experience representing shareholders, is

---

[1] References to "ECF No. __" are to filings in *Clark v. Barrick Gold Corp.*, No. 1:13-cv-03851-RPP (S.D.N.Y.), unless otherwise noted.

[2] Movant James Duncan explicitly withdrew from consideration (*see* Duncan's Not. of Withdrawal, ECF No. 25). Movants International Painters & Allied Trades Pension Fund, Rhondda Cynon Taf Pension Fund, and the Pension Fund & Treasury of Surrey (the "Painters Group"), and Lewis S. Clark & Patricia Clark filed responses recognizing the Institutional Investor Group as the presumptive Lead Plaintiff (*see* Resp. of Painters Group, ECF No. 28, and Clarks' Not. of Withdrawal, ECF No. 30, respectively). Central States, Southeast and Southwest Areas Pension Fund ("Central States") acknowledges that its losses are smaller than those of the Institutional Investor Group, and offers no challenge to the Institutional Investor Group's adequacy and typicality (*see* Central States' Mem. in Further Supp. & in Resp. to Competing Mots. ("Central States' Resp."), ECF No. 32). While Movant Retail Wholesale & Department Store Union Local 338 Pension Fund ("RWDSU Local 338") filed a motion for appointment as Lead Plaintiff, it did not contest any of the competing motions.

the paradigmatic lead plaintiff contemplated by the PSLRA.[3] Even if the Court were inclined to consider the remaining motion filed by Central States, it should conclude that Central States fails to meet the standards of adequacy and typicality set out in Rule 23. Accordingly, the Institutional Investor Group's motions for consolidation, appointment as Lead Plaintiff, and approval of its selection of counsel should be granted, and all competing motions should be denied.

## ARGUMENT

### I. No Movant Has Rebutted the Presumption that the Institutional Investor Group Is the Most Adequate Plaintiff

Pursuant to the PSLRA, the movant with the largest financial interest that meets the adequacy and typicality requirements of Rule 23 is the presumptive lead plaintiff. *In re KIT Digital, Inc. Sec. Litig.*, No. 12-cv-4199 (VM), 2013 WL 1200324, at *2 (S.D.N.Y. Mar. 13, 2013) (Marrero, J.) (citing the PSLRA). This presumption may only be rebutted by proof that the Institutional Investor Group "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *City of Brockton Ret. Sys. v. Shaw Grp., Inc.*, No. 06-cv-8245 (CM)(MHD), 2007 WL 2845125, at *2 (S.D.N.Y. Sept. 26, 2007) (McMahon, J.) (citing 15 U.S.C. § 78u-4(3)(B)(iii)(II)).

#### A. No Movant Claims a Larger Financial Interest in this Litigation

As acknowledged by all movants, the Institutional Investor Group's losses of more than $65.8 million are larger than those of any other movant. Central States not only concedes that it

---

[3] There is no dispute that the members of the Institutional Investor Group are duly authorized to pursue their claims. *See* Institutional Investor Group Certifications, ECF No. 20-1; *see also W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d Cir. 2008) (concluding that assignment of claims confers standing).

"does not claim the largest financial interest in this litigation," but confirms the accuracy of the Institutional Investors Group's calculation of losses on its purchases of Barrick Gold Corp. ("Barrick" or the "Company") stock. Central States' Resp., ECF No. 32 at 1-2.

As recognized by this Court, the financial loss suffered on class period purchases by a movant is the most important of the four factors that courts employ in determining financial interests of lead plaintiff movants. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127-28 (S.D.N.Y. 2011) (Buchwald, J.) (identifying movant's loss as the factor afforded the greatest emphasis among the four factors set forth in *Lax v. First Merchants Acceptance Corp.*, No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). With losses more than 12 times greater than those of the next largest movant, the Institutional Investor Group's financial interest in the Action substantially outstrips that of every other applicant for Lead Plaintiff, including Central States. Moreover, no movant disputes that, under any of the other *Lax* factors, the Institutional Investor Group's financial interest in this litigation far exceeds that of any other movant. *See* Institutional Investor Group's Opp. Br., ECF No. 31 at 6.

### B.     The Institutional Investor Group Meets the Requirements of Rule 23

When enacting the PSLRA, Congress specifically noted its intent to foster the involvement of institutional investors in the role of lead plaintiff. *See*, *e.g.*, *Juliar v. Sunopta Inc.*, No. 08-cv-933 (PAC), 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) (Crotty, J.) (appointing pair of institutional investors, "each with significant losses"); *see also* H.R. Conf. Rep. No. 104-369 at 34 (1995), *reprinted in* 1995 U.S.C.A.A.N. 730, 733; S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.A.A.N. 679, 685 ("Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs").

In favoring the appointment of institutional investors, Congress drew no distinction between foreign and domestic funds. As this Court noted in *Foley*, the Supreme Court's

3

landmark decision in *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869, 2884 (2010), made it clear that foreign investors like the Institutional Investor Group who purchase securities on a U.S. exchange enjoy the protection of U.S. securities laws. *Foley*, 272 F.R.D. at 133-34; Institutional Investor Group's Mem. in Supp., ECF No. 19 at 7-8. Accordingly, this Court and other courts routinely appoint foreign investors who purchase securities on a U.S. exchange as lead plaintiffs pursuant to the PSLRA. *See Foley*, 272 F.R.D. at 133 (noting that appointment of foreign lead plaintiffs is routine); *see also In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 347 (S.D.N.Y. 2009) (Scheindlin, J.) (appointing a Luxembourg investment fund as lead plaintiff).[4]

As detailed in its prior filings, the members of the Institutional Investor Group have an extensive pre-motion relationship, both as members of a trade association and through earlier securities class action litigation, and have demonstrated a clear evidentiary basis for their ability to act in an efficient and cohesive manner. *See* Joint Decl. in Supp. of the Mot. of the Institutional Investor Group, ECF No. 20-4. Accordingly, the Institutional Investor Group is precisely the kind of small, cohesive group that courts throughout the United States have approved as lead plaintiffs. *See*, *e.g.*, *Reimer v. Ambac Fin. Grp., Inc.*, No. 08-cv-411, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (Buchwald, J.) (appointing as lead plaintiff group of three funds with "prior working relationships, who have been involved in numerous prior securities class actions, and who represent that they will pursue the maximum recovery on behalf of all class members").

---

[4] Courts have repeatedly rejected the suggestion that *res judicata* concerns preclude the appointment of foreign investors as lead plaintiffs. *See Foley*, 272 F.R.D. at 134 ("this [*res judicata* concern] has been explicitly rejected when the foreign lead plaintiff movants are suing as a result of purchases made on a domestic securities exchange"); *Sgalambo v. McKenzie*, 268 F.R.D. 170, 176 (S.D.N.Y. 2010) (Scheindlin, J.) (appointing as lead plaintiff foreign movant who purchased shares on a U.S. exchange).

Finally, the adequacy of the Institutional Investor Group is highlighted by its retention of counsel "that is capable and qualified to vigorously represent the interests of the class." *Cha v. Kinross Gold Corp.*, No. 12-cv-1203 (PAE), 2012 WL 2025850, at *6 (S.D.N.Y. May 31, 2012) (Engelmayer, J.) (quoting *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (McMahon, J.)). The Institutional Investor Group has selected Motley Rice LLC ("Motley Rice"), a highly experienced securities class action firm to serve as lead counsel, and has retained Labaton Sucharow LLP ("Labaton Sucharow") to serve as liaison counsel. Labaton Sucharow has already conducted an extensive investigation into the alleged fraud on the part of the Company, including the development of numerous confidential witnesses who have provided compelling support for the claims of fraud in this case. *See City of Brockton Ret. Sys. v. Barrick Gold Corp.*, No. 1:13-cv-05437-RPP, Compl., ECF No. 1 (S.D.N.Y. Aug. 2, 2013).

### C. No Movant Rebuts the Presumption in Favor of the Institutional Investor Group

The presumption that the Institutional Investor Group is the most adequate plaintiff cannot be abrogated by anything short of "proof" that it fails to meet the requirements of Rule 23. *In re KIT Digital*, 2013 WL 1200324, at *2. No competing movant has articulated any rationale to suggest that the Institutional Investor Group is inadequate or that its claims are atypical of those of the Class. *See*, *e.g.*, Central States' Resp., ECF No. 32 at 2.

## II. No Other Movant Satisfies the Requirements of the PSLRA

Because the Institutional Investor Group has demonstrated the greatest financial interest in the Action, its adequacy to serve as Lead Plaintiff, and the typicality of its claims, the Court need not reach the qualifications of any competing movant. Should the Court choose to consider the merits of the only remaining competing movant, however, the Court should conclude it cannot adequately represent the Class.

Central States, which appears to be the only competing movant even nominally pursuing its motion, fails to meet the requirements of Rule 23. Central States is a "net seller," having sold 98,800 more shares of Barrick stock than it purchased during the Class Period. Indeed, Central States, unlike the Class, substantially ***benefited*** from the fraud alleged in this case. As reflected in its trading records, more than 34% of Central States' sales were executed prior to the earliest alleged disclosure of the fraud, during the period when shares of stock were inflated by the Company's misconduct. *See* Schedule A to Central States' Certification, ECF No. 23-3; *see also In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 173 (W.D.N.Y. 2007) (rejecting net seller that "arguably benefitted from the artificially inflated prices"). Moreover, Central States held no shares of Barrick through the ultimate disclosure of the true state of the Company, undercutting its incentive to prosecute claims of fraud post dating its final sales. *See Constr. Workers Pension Trust Fund v. Navistar Int'l Corp.*, No. 13-cv-2111, 2013 WL 3934243, at *5 (N.D. Ill. July 30, 2013) (finding movant inadequate because it had "no incentive to fairly and adequately protect the interests of the class as to later disclosures" due to that fund's own early disposition of shares).[5]

In summary, Central States is subject to unique defenses and its claims are atypical of those of the Class, rendering it ineligible to serve as Lead Plaintiff. Therefore, in addition to being the most adequate movant, the Institutional Investor Group is also the only movant that satisfies the adequacy and typicality requirements of Rule 23.[6]

---

[5] This Court has articulated other serious concerns regarding Central States' adequacy in the past. *See Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, No. 06-cv-5797, 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (Crotty, J.) (describing concerns over Central States' history).

[6] While RWDSU Local 338 has not filed a formal withdrawal, it has elected not to oppose the application of the Institutional Investor Group.

## CONCLUSION

For the reasons set forth above and in its opening papers, the Institutional Investor Group respectfully requests that the Court: (1) consolidate all related actions; (2) appoint the Institutional Investor Group as Lead Plaintiff pursuant to the PSLRA; (3) approve the Institutional Investor Group's selection of Motley Rice to serve as Lead Counsel for the proposed Class; (4) approve the Institutional Investor Group's selection of Labaton Sucharow to serve as Liaison Counsel for the proposed Class; and (5) deny all other motions.

DATED:  September 3, 2013                              *Respectfully submitted*,

**LABATON SUCHAROW LLP**

                                   *s/ Christopher J. Keller*
                                   Christopher J. Keller
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)

*Liaison Counsel for Plaintiffs and*
*[Proposed] Liaison Counsel for the Class*

**MOTLEY RICE LLC**
William H. Narwold
One Corporate Center
20 Church St., 17th Floor
Hartford, CT  06103
Telephone:  860/882-1681
860/882-1682 (fax)

**MOTLEY RICE LLC**
Joseph F. Rice
James M. Hughes
David P. Abel
Christopher F. Moriarty
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

*[Proposed] Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 3, 2013.

                                    *s/ Christopher J. Keller*
                                    Christopher J. Keller

                                    LABATON SUCHAROW LLP
                                    140 Broadway
                                    New York, NY  10005
                                    Telephone: 212/907-0700
                                    212/818-0477 (fax)
                                    E-mail: ckeller@labaton.com