UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LEWIS S. CLARK and PATRICIA E. CLARK, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:13-cv-03851-RPP <br><br> <u>CLASS ACTION</u> |
| Plaintiffs, | : | |
| vs. | : | |
| BARRICK GOLD CORPORATION, et al., | : : | |
| Defendants. | : : | |
| CLEMENT BERNARD, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:13-04123-RPP <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| vs. | : | |
| BARRICK GOLD CORPORATION, et al., | : : | |
| Defendants. | : : | |
| CITY OF BROCKTON RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:13-05437-RPP <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| vs. | : | |
| BARRICK GOLD CORPORATION, et al., | : : | |
| Defendants. | : : | |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

Institutional investor Central States, Southeast and Southwest Areas Pension Fund ("Central States") respectfully submits this reply memorandum of law in further support of its motion to consolidate the related actions, to be appointed lead plaintiff and to have its selection of counsel approved, and in response to the arguments raised by Union Asset Management AG ("Union") and LRI Invest S.A. ("LRI") (the "Union-LRI Group") in opposition to its motion.

## ARGUMENT

Aside from arguing that Central States has a smaller financial interest, the Union-LRI Group raises three arguments in opposition to Central States' motion. Each argument is without merit.

*First*, the Union-LRI Group contends that Central States is subject to unique defenses and should not be appointed lead plaintiff because, according to the Union-LRI Group, Central States was a net seller of Barrick Gold Corporation ("Barrick Gold") stock during the Class Period. While it is true that, during the entirety of the Class Period, Central States sold more shares of Barrick Gold stock than it purchased, the vast majority of Central States' sales were made *after* a partial disclosure of the truth towards the end of the Class Period had already caused a substantial decline in the price of Barrick Gold stock. Compare ¶¶61-62 of Complaint dated June 5, 2013, filed in *Clark v. Barrick Gold Corp.*, 13-cv-3851 (S.D.N.Y.) (noting 8.3% stock in drop price in response to partial disclosure on April 10, 2013) with Exhibit C to the Declaration of David A. Rosenfeld in Support of Central States' Motion, dated August 5, 2013 (stating that nearly 304,000 of Central States' total 463,050 shares of Barrick Gold stock sold were sold on or after the partial disclosure on April 10, 2013). Unlike a net seller that may have benefited from the fraud by selling its shares *prior* to any negative disclosure, Central States' losses here – which took place *after* a negative disclosure – are recoverable. *See Foley v. Transocean Ltd.*,

272 F.R.D. 126, 132 (S.D.N.Y. 2011) (holding that a net seller that sold all of its shares after a partial disclosure did not benefit from the fraud and can serve as lead plaintiff).

Thus, the cases relied on by the Union-LRI Group – in which the net seller movants' sales were made *prior* to any negative disclosure – are inapplicable. *See id.* (distinguishing cases and stating that "[w]e so no reason why a net seller who sold all of his shares after the fraud began to be exposed, and was thus legally harmed by the fraud in all of its sales, could not be an adequate lead plaintiff. In fact, such trading behavior is likely typical of most members of the class, many of whom undoubtedly began selling their shares after the explosion on April 20th and the article in the Wall Street Journal on April 29th.").[1]

*Second*, the Union-LRI Group argues that Central States lacks standing to represent the class because it did not retain its shares through the final disclosure at the end of the Class Period. *See* Union-LRI Group Opp. at 12. Under the law of this Circuit, however, Central States is not required to have standing for every claim. *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004). Moreover, Barrick Gold stock declined 8.3% after the April 10, 2013 disclosure – through which Central States retained its shares – and only declined 1.99% following the May 24, 2013 disclosure.

*Lastly*, the Union-LRI Group maintains that it was the only investor to affirmatively represent that its reported Class Period trades in Barrick Gold stock were made on the New York Stock Exchange ("NYSE"). *See* Union-LRI Group Opp. at 13. The loss chart submitted by Central States, however, states "NYSE" on the same line as each of its listed Barrick Gold

---

[1] Moreover, unlike Surrey and Rhondda, Central States was an overall net loser on its trades, not a net gainer.

transactions. *See* Exhibit B to the Declaration of David A. Rosenfeld in Support of Central States' Motion, dated August 5, 2013.[2]

Thus, to the extent that the Court has any concerns about the motion of the Union and LRI Group, Central States respectfully submits that its motion should be granted.

DATED:  September 3, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
CHRISTOPHER M. BARRETT

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
cbarrett@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

---

[2]   The Union-LRI Group also takes issue with the certification filed by Central States. However, there is nothing improper with the certification as it plainly tracks the language of the Private Securities Litigation Reform Act regarding what a certification should state. Compare Exhibit C to the Declaration of David A. Rosenfeld in Support of Central States' Motion, dated August 5, 2013 with 15 U.S.C. §78u-4(a)(2).  Moreover, the certification simply states that Central States has reviewed a complaint and authorized its filing.  It does not state that Central States actually filed a complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 3, 2013.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD