UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEWIS S. CLARK and PATRICIA E. CLARK,                              13 CIV 3851 (RPP)
Individually and on Behalf of All Others
Similarly Situated,

                       Plaintiffs,

      - against -

BARRICK GOLD CORPORATION, AARON          **OPINION & ORDER**
W. REGENT, JAMIE C. SOKALSKY, and
AMMAR AL-JOUNDI,

                       Defendants.
------------------------------------------------------------------X
CLEMENT BERNARD, Individually and on                               13 CIV 4123 (RPP)
Behalf of All Others Similarly Situated,

                       Plaintiff,

      - against -

BARRICK GOLD CORPORATION, AARON
W. REGENT, JAMIE C. SOKALSKY, and
AMMAR AL-JOUNDI,

                     Defendants.
------------------------------------------------------------------X
CITY OF BROCKTON RETIREMENT                                        13 CIV 5437 (RPP)
SYSTEM, Individually and on Behalf of All
Others Similarly Situated,

                     Plaintiff,

      - against -

BARRICK GOLD CORPORATION, AARON
W. REGENT, JAMIE C. SOKALSKY, and
AMMAR AL-JOUNDI,

                     Defendants.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

Presently pending in this District are three related securities actions: <u>Clark v. Barrick Gold Corp., et al</u>; 1:13-cv-03851; <u>Bernard v. Barrick Gold Corp., et al</u>; 1:13-cv-04123; and <u>City of Brockton Ret. Sys. v. Barrick Gold Corp., et al</u>; 1:13-cv-05437.  Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, a total of five different parties have moved for consolidation, appointment as lead plaintiff, and approval of lead plaintiff's selection of counsel: (1) Union Asset Management Holding AG and LRI Invest S.A. (the "Institutional Investor Group"); and (2) Central States, Southeast and Southwest Areas Pension Fund ("Central States"); (3) Retail Wholesale and Department Store Union Local 338 Pension Fund ("RWDSU Local 338"); (4) International Painters and Allied Trades Pension Fund, Rhondda Cynon Taf Pension Fund, and Pension Fund and Treasury of Surrey ("Painters Group"); and (5) Lewis S. Clark and Patricia E. Clark (the "Clarks").  Since moving for appointment as lead plaintiff, the Clarks have withdrawn their motion, (<u>see</u> Notice of Withdrawal of Mot. of Clarks, Aug. 21, 2013, ECF No. 30), and Painters Group filed a response in support of the Institutional Investor Group as the "presumptive lead plaintiff."  (Resp. of Painters Group to Lead Plaintiff Mot's at 2, Aug. 21, 2013, ECF No. 28.)

Under the PSLRA, the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is entitled to the rebuttable presumption of lead plaintiff status.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Once this presumption is triggered, it may be rebutted "only upon proof" that the presumptive plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  <u>Id.</u> at (1)(3)(B)(iii)(II); <u>see</u> <u>Jolly Roger Offshore Fund</u>, 2007 WL 2363610, at *5.

According to the papers submitted, Institutional Investor Group expended approximately $128.06 million, purchasing more than 2.89 million shares of Barrick Gold common stock, during the proposed class period. (See Institutional Investor Group's Mem. of Law in Supp. of Mot. to Consolidate Cases ("Inst. Investor Group Mem.") at 7, Aug. 5, 2013, ECF No. 19; see also Certifications and Loss Charts, Decl. of Keller in Supp. of Mot. to Consolidate Cases ("Keller Decl."), Exs. A & B, Aug. 5, 2013, ECF No. 20.) Institutional Investor Group suffered an estimated loss of more than $65.8 million. (Keller Decl., Exs. A & B.) No other movant has demonstrated a larger financial stake; in fact, Institutional Investor Group alleges losses more than twelve times greater than the movant that claims the next largest financial interest, Central States, which alleges losses of approximately $5.4 million. (See Mem. of Law in Supp. of Mot. of Central States for Consolidation ("Central States Mem.") at 5, Aug. 5, 2013, ECF No. 21.)

In addition to having the largest financial stake, Institutional Investor Group also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Procedure. See Fed. R. Civ. P. 23(a). In an action under the PSLRA, a moving lead plaintiff "need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23." Sgalambo v. McKenzie, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (internal citation and quotation omitted). Typicality requires "that the claims of the class representative be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Id. at 173-74 (internal citation and quotation omitted). Adequacy requires that the proposed plaintiff must "not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class." Id. at 174 (internal citation and quotation omitted).

Here, Institutional Investor Group seeks to represent a class of purchasers of Barrick Gold securities in a class action against Barrick Gold Corporation and the individual defendants for violations of the Exchange Act.  The Institutional Investor Group claims to have: (1) purchased or otherwise acquired Barrick Gold common stock during the class period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market.  (Inst. Investor Group Mem. at 9.)  Based on these facts, Institutional Investor Group's claims arise from the same course of events as other class members, and the typicality requirement is satisfied.  Because there is no indication in the papers submitted on this motion that Institutional Investor Group has interests antagonistic to those of the proposed class, or that selected counsel is not qualified and able to conduct the proposed litigation, the adequacy requirement is also satisfied.

In the final step of the lead plaintiff appointment process, any competing movants and any other members of the purported class are given the opportunity to rebut the presumption that the movant is the most adequate plaintiff.  See Jolly Roger Offshore Fund, 2007 WL 2363610, at *5.  Because no competing movant has articulated any rationale to suggest that the Institutional Investor Group is inadequate or that its claims are atypical of those of the class, (see Mem. of Law in Further Supp. of Mot. of Central States for Consolidation ("Central States Supplemental Mem.") at 1-2, Aug. 22, 2013, ECF No. 32), the presumption that Institutional Investor Group is the most adequate lead plaintiff has not been rebutted.

For the reasons set forth above, the Court grants Institutional Investor Group's motion to consolidate all related actions into Case No. 1:13-cv-03851 (RPP), which shall be captioned: "In re Barrick Gold Securities Litigation," and grants Institutional Investor Group's motion to be

appointed as lead plaintiff in this case.  The Court also approves Institutional Investor Group's selection of Motley Rice to serve as lead counsel and Labaton Sucharow to serve as liaison counsel for the proposed class.  All other motions are denied.

      SO ORDERED.


Dated: September 20, 2013
New York, New York


                                                        ___s/s_____

                                                        Robert P. Patterson, Jr.
                                                        U.S.D.J.