USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6 2 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

IN RE BARRICK GOLD SECURITIES
LITIGATION

**MEMORANDUM OPINION
AND ORDER**

**13 Civ. 3851 (SAS)**

-------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

This Court issued an Opinion and Order on April 1, 2015 (the "April 1 Order") granting in part and denying in part defendants' motion to dismiss the plaintiffs' amended complaint.[1]  On April 15, 2015, defendants filed a motion for partial reconsideration on two discrete issues.  *First*, defendants request that the Court find that every repetition of a particular statement regarding environmental approvals be dismissed as irrelevant, and therefore dismiss plaintiffs' claims relating to environmental approvals.  *Second*, defendants request that the Court dismiss plaintiffs' section 10(b) claims against defendants Potter, Gonzales, and Kinver pursuant to *Janus Capital Group, Inc. v. First Derivative Traders*.  Defendant Veenman also filed a motion to certify the April 1 Order for

---

[1]      *See In re Barrick Gold Sec. Litig.*, No. 13 Civ. 3851, 2015 WL 1514597 (S.D.N.Y. Apr. 1, 2015).  Familiarity with the facts of the case is presumed.

interlocutory appeal solely on the issue of the pleading standard for control person

liability under Section 20(a) of the Securities Exchange Act.  For the following

reasons, defendants' motion for reconsideration is DENIED, and Veenman's

motion for certification is DENIED.

## II.      RECONSIDERATION

### A.      Legal Standard

The standard for granting a motion for reconsideration is strict.

"Reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked – matters, in other words,

that might reasonably be expected to alter the conclusion reached by the court."[2]

"Reconsideration of a court's previous order is an 'extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial

resources.'"[3]  Typical grounds for reconsideration include "an intervening change

of controlling law, the availability of new evidence, or the need to correct a clear

error or prevent manifest injustice."[4]

---

[2]      *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[3]      *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

[4]      *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

### B.    Statements Regarding Environmental Compliance

In their motion to dismiss, defendants argued that one of the statements relied on in plaintiffs' complaint was taken out of context, and referred only to compliance with a new Argentinian law, and not to compliance with Chilean environmental requirements.  To support that argument, defendants attached a single Form 6-K, which I held supported their argument.  However, as plaintiffs alleged that the statement was continually repeated throughout the class period, and defendants had not provided context for the other instances, I could not conclude that every repetition referred only to compliance with Argentinian law. Defendants have now included references to the context of each repetition of the statement to support their argument that the statements referred only to compliance with the new Argentinian law, and are therefore irrelevant.

Defendants now contend that all claims regarding compliance with environmental approvals must be dismissed because "[p]laintiffs base their claims related to environmental approvals *almost* entirely on a pair of statements — repeated verbatim numerous time during the class period — that Plaintiffs simply take out of context . . . ."[5]  Defendants' own statement makes it clear that reconsideration should not be granted — they concede that there is *at least* one

---

[5]    Memorandum of Law in Support of Defendants' Motion for Reconsideration at 2 (emphasis added).

3

other statement on which plaintiffs base their claim.  As such, discovery on this issue, burdensome though it may be, must proceed.  Plaintiffs identify numerous statements unrelated to the repeated statements at issue in defendants' motion.  For example, in December 2011, Barrick issued a press release stating that "the company has put in place a range of measures to mitigate the potential impact of dust emissions on glaciers. . . . [T]he Pascua-Lama project will not generate damaging dust accumulation in areas where glaciers are present."[6]  In response, defendants restate arguments already considered and rejected by this Court in the April 1 Order.  I will not review them a second time.  Defendants' motion for reconsideration with respect to statements about environmental approvals is denied.

### C.   Claims Against Potter, Gonzales, and Kinver

Defendants argue that the section 10(b) claims against Potter, Gonzales, and Kinver must be dismissed because they are not alleged to have personally made any actionable statements that remain in this case after the April 1 Order.  Instead, plaintiffs rely on the group pleading doctrine, which, according to defendants, has been abrogated by the Supreme Court's decision in *Janus*.

In *Janus*, the Court held that, "[f]or the purposes of Rule 10b-5, the

---

[6]     Consolidated Amended Class Action Complaint ("Compl.") ¶ 362.

maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it."[7]  The Court concluded that a mutual fund investment adviser could not be held liable for false statements included in its client's mutual fund prospectuses, because the investment advisor — a separate corporate entity — did not have ultimate authority over the statements, even though it was significantly involved in their preparation.

The group pleading doctrine creates a presumption "that 'group-published' documents such as 'statements in prospectuses, registration statements, annual reports, [and] press releases' are attributable to 'individuals with direct involvement in the everyday business of the company,'" who either were or acted like corporate insiders.[8]  Defendants do not contest that plaintiffs sufficiently allege that the statements were made in "group-published documents," or that Potter, Kinver, and Gonzales were corporate insiders with direct involvement in the everyday business of Barrick.[9]  The only question is whether the group pleading

---

[7]        131 S. Ct. 2296, 2302 (2011).

[8]        *DeAngelis v. Corzine*, 17 F. Supp. 3d 270, 281 (S.D.N.Y. 2014) (quoting *In re BISYS Sec. Litig.*, 397 F. Supp. 2d 430, 438 (S.D.N.Y. 2005)).

[9]        Potter was the Senior Vice President of Technical Services and Capital Projects, Kinver was Barrick's Chief Operating Officer and Executive Vice President until May 2012, and Gonzales was the President of the South America Region until May 2012, and subsequently the Chief Operating Officer and Executive Vice President from 2012 to 2013.  *See* Compl. ¶¶ 25–27.

doctrine remains viable after *Janus*.  I conclude that it does.[10]

> *Janus* held that the maker of a statement was the person or entity with the ultimate authority over that statement.  Because the defendant there was a separate corporate entity, the Court held that it categorically could not be the "maker" of the statement, as it could not, as a matter of law, have the ultimate authority over that statement.  However, it is still possible, even likely, that *within an organization*, more than one person will have ultimate authority over a statement, especially when those statements appear in "group-published" documents.[11]

> Here, plaintiffs have pleaded that Potter, Kinver, and Gonzales, as high-level officers, were corporate insiders involved in the everyday business of the company, and that the statements were made in group-published documents, such as press releases and annual reports.  For pleading purposes, they have

---

[10]   *See, e.g.*, *Levy v. Maggiore*, 48 F. Supp. 3d 428, 448 n.16 (E.D.N.Y. 2014) (reviewing cases and concluding that the group pleading doctrine survives *Janus*).

[11]   *See City of Pontiac Gen. Emps. Ret. Sys. v. Lockheed Martin Corp.*, 875 F. Supp. 2d 359, 374 (S.D.N.Y. 2012) ("[*Janus*] has no bearing on how corporate officers who work together in the same entity can be held jointly responsible on a theory of primary liability.  It is not inconsistent with *Janus Capital* to presume that multiple people in a single corporation have the joint authority to 'make' an SEC filing, such that a misstatement has more than one 'maker.'").  *Accord City of Roseville Emps. Ret. Sys. v. EnergySolutions, Inc.*, 814 F. Supp. 2d 395, 417 n.9 (S.D.N.Y. 2011).

adequately alleged that these defendants were the "makers" of the statements. Certainly, at trial or summary judgment, plaintiffs will need to provide proof that the individual defendants did in fact have ultimate authority over the statements in order to hold them liable.[12]  At the pleading stage, these facts are entirely within the control of defendants.[13]

Therefore, defendants' motion for reconsideration regarding claims against Potter, Kinver, and Gonzales is denied.

## III.    INTERLOCUTORY APPEAL

### A.    Applicable Law

#### 1.    Section 20(a)

Section 20(a) of the Exchange Act creates a cause of action against

---

[12]    Plaintiffs also argue that "a non-speaking defendant can be liable under § 10(b) when, as here, his conduct goes to 'the very heart of the fraudulent scheme' in question."  Memorandum of Law in Opposition to Defendants' Motion for Reconsideration at 8 (quoting *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F. Supp. 2d 148, 169–70 (S.D.N.Y. 2008)).  That claim is plainly incorrect in light of *Janus*, which concluded that only defendants with the ultimate authority over the statement can be held liable.

[13]    *See In re BISYS Sec. Litig.*, 397 F. Supp. 2d at 438 (noting that the group pleading doctrine developed because "plaintiffs charging fraud with respect to corporate utterances seldom have access, prior to the commencement of discovery, to information permitting identification of the particular officers, directors and employees who bear personal responsibility for the utterances in question . . . .").

"control persons" of the primary violator.[14]  "To establish a prima facie case of control person liability, a plaintiff must show (1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud."[15]  It remains unsettled in this District whether control person liability is premised on fraud, and thus whether culpable participation requires proof of scienter.[16]  These issues in turn impact whether Rule 8, Rule 9(b), and/or the heightened pleading requirements of the Private Securities Litigations Reform Act of 1995 ("PSLRA") apply.  In the April 1 Order, I held, as I have previously, that scienter is not an essential element of a Section 20(a) claim and that neither Rule 9(b) nor the PSLRA apply.

### 2.    Interlocutory Appeals

Interlocutory appeals of district court decisions are governed by 28 U.S.C. § 1292(b).  For an interlocutory appeal to be appropriate, the underlying order must "(1) involve a controlling question of law (2) over which there is

---

[14]    *See* 15 U.S.C. § 78t(a).

[15]    *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

[16]    *See generally Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 437–38 (S.D.N.Y. 2014).

substantial ground for difference of opinion," and the moving party must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation."[17]

Interlocutory appeals are presumptively disfavored.  Leave to appeal is warranted only when the moving party can point to "exceptional circumstances"[18] sufficient to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[19] Interlocutory appeal "is not intended . . . to provide early review of difficult rulings in hard cases."[20]  Rather, it is appropriate only in "extraordinary cases where appellate review might avoid protracted and expensive litigation," and where it poses no threat of "piecemeal litigation."[21]  Whether an interlocutory appeal is

---

[17]     28 U.S.C. § 1292(b).

[18]     *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006).

[19]     *In re Madoff*, No. 08 Civ. 1789, 2010 WL 3260074, at *3 (S.D.N.Y. Aug. 6, 2010) (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quotation marks and citations omitted)).

[20]     *In re Levine*, No. 03 Civ. 7146, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004).

[21]     *In re AroChem Corp.*, 176 F.3d 610, 619 (2d Cir. 1999).  *Accord Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 95 (2d Cir. 1997).

warranted lies squarely within the discretion of the district court.[22]  Indeed, even

when the elements of section 1292(b) are satisfied, the district court retains

"unfettered discretion" to deny certification.[23]

### B.    Discussion

I need not address the first and second elements of section 1292(b),

because Veenman fails to meet the third element — immediate appeal will not

materially advance the ultimate termination of the litigation.  Veenman argues that

a successful appeal would terminate the litigation for Veenman, but there are

numerous other individual defendants, as well as the company itself, for whom an

appeal will have absolutely no effect.  "An immediate appeal is considered to

advance the ultimate termination of the litigation if that appeal promises to advance

the time for trial or to shorten the time required for trial."[24]  But "if other claims

'will continue regardless of the disposition of this issue, certification would not

---

[22]    *See, e.g.*, *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)
("[D]istrict courts [have] first line discretion to allow interlocutory appeals."); *In re
Kassover*, 343 F.3d 91, 94 (2d Cir. 2003); *DM Rothman Co. v. Cohen Mktg. Int'l,
Inc.*, No. 98 Civ. 7905, 2006 WL 2128064, at *1 (S.D.N.Y. July 27, 2006).

[23]    *National Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F.
Supp. 2d 139, 162–63 (E.D.N.Y. 1999) (assuming the statutory criteria were met
but nonetheless denying certification).

[24]    *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54 (S.D.N.Y. 1998).

materially advance the termination of this litigation.'"[25]  Here, even if the section

20(a) claim was dismissed for Veenman, section 10(b) claims would still need to

be litigated against the six remaining individual defendants as well as against

Barrick.  Discovery would continue on all factual issues, and a resolution of the

pleading standard under section 20(a) would not narrow any issues for discovery or

trial.  Because the litigation will continue in almost the same form whether or not

there is a successful appeal of this limited issue, Veenman fails to meet the third

element of the section 1292(b) test.  Therefore, Veenman's motion for certification

is denied.

## IV.    CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is

DENIED, and Veenman's motion for certification for interlocutory appeal is

DENIED.  The Clerk of the Court is directed to close these motions (Docket Nos.

78 and 80).

---

[25]    *Bishop v. Best Buy, Co. Inc.*, No. 08 Civ. 8427, 2011 WL 4011449, at
*15 (S.D.N.Y. Sept. 8, 2011) (quoting *In re Payroll Exp. Corp.*, 921 F. Supp.
1121, 1126 (S.D.N.Y. 1996)).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              June 2, 2015

12

**- Appearances -**

**For Plaintiffs**:

Christopher F. Moriarty, Esq.
David P. Abel, Esq.
James M. Hughes, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9450

William H. Narwold, Esq.
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 882-1676

Jonathan M. Plasse, Esq.
Serena Pia Hallowell, Esq.
Christopher J. Keller, Esq.
Joel H. Bernstein, Esq.
Jonathan Gardner, Esq.
Labaton Sucharow
140 Broadway
New York, NY 10005
(212) 907-0700

Brian P. Murray, Esq.
Glancy Binkow & Goldberg LLP
122 East 42nd Street, Suite 2920
New York, NY 10168
(212) 682-5340

Gregory B. Linkh, Esq.
Glancy Binkow & Goldberg LLP
77 Water Street, 7th Floor

New York, NY 10005
(646) 722-4180

Lionel Z. Glancy, Esq.
Michael Goldber, Esq.
Robert V. Prongay, Esq.
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9160

Ira M. Press, Esq.
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600

Jeffrey A. Barrack, Esq.
Barrack, Rodos & Bacine
Two Commerce Square
2001 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 963-0600

**For Defendants:**

Ada Fernandez Johnson, Esq.
Jonathan Rosser Tuttle, Esq.
Debevoise & Plimpon LLP
555 13th Street, N.W.
Washington, DC 20004
(202) 383-8070

Bruce E. Yannett, Esq.
Elliot Greenfield, Esq.
Debevoise & Plimpton LLP

919 Third Avenue, 31st Floor
New York, NY 10022
(212) 909-6000