```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                    :
                                                    :
                                                    :   13 Civ. 3851 (SAS)
IN RE BARRICK GOLD SECURITIES LITIGATION            :
                                                    :   **ORAL ARGUMENT**
                                                    :   **REQUESTED**
                                                    :
                                                    :
------------------------------------------------------------------------ x
```

# SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL

| | |
|---|---|
| Jonathan R. Tuttle | Bruce E. Yannett |
| Ada Fernandez Johnson | Elliot Greenfield |
| DEBEVOISE & PLIMPTON LLP | Zachary H. Saltzman |
| 801 Pennsylvania Avenue, N.W. | DEBEVOISE & PLIMPTON LLP |
| Washington, D.C. 20004 | 919 Third Avenue |
| (202) 383-8000 | New York, New York 10022 |
| | (212) 909-6000 |

*Attorneys for Defendants Barrick Gold Corporation, Aaron W. Regent, Jamie C. Sokalsky, Ammar Al-Joundi, Peter Kinver, Igor Gonzales, George Potter and Sybil E. Veenman*

Defendants respectfully submit this sur-reply memorandum of law in opposition to Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel.

## ARGUMENT

Plaintiffs attempt to assert – for the first time in their reply brief – that they seek out-of-pocket damages, and not consequential damages.  Prior to that filing, Plaintiffs made the strategic decision to decline to articulate a damages theory:  They directed their expert, Chad Coffman, not to address damages in his report, refused to allow Mr. Coffman to answer any questions related to damages at his deposition (in violation of Rule 30(c)(2)), and remained silent on the topic in their opening brief.  (Opp'n 5-6)  Plaintiffs' decision to wait until their reply brief to try to articulate a damages theory deprived Defendants of the opportunity to question Mr. Coffman on the topic at his deposition or to have their own expert respond.  The Court should reject this tactic.  Plaintiffs bear the burden of demonstrating "through evidentiary proof" that Rule 23(b)(3)'s predominance requirement is satisfied, and that burden is not met by conclusory assertions in a reply brief.  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

Instead of acknowledging their failure to offer a damages theory or attempting to defend it, Plaintiffs mischaracterize Defendants' argument that Plaintiffs' failure to offer a *damages theory* precludes class certification, and argue instead that they need not come forward with a *mathematical model* that can be used to calculate damages. (Reply 2-3)  Likewise, Plaintiffs erroneously suggest that Defendants argued that individualized damages *calculations* defeat class certification. (Reply 4-5; Opp'n 10)  These tactics, too, should fail.  Plaintiffs cite no authority that would relieve them of their obligation to articulate a damages theory consistent with their theory of liability at the class certification stage and, ultimately, cannot avoid the fact that

Second Circuit precedent (and even the most narrow reading of *Comcast*) requires it.  *See Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 82 (2d Cir. 2015) ("[P]laintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability."); *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 407-08 (2d Cir. 2015) ("[D]amages questions should be considered at the certification stage when weighing predominance issues."); *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 123 n.8 (2d Cir. 2013) ("[C]ourts should examine the proposed damages methodology at the certification stage to ensure that it is consistent with the classwide theory of liability and capable of measurement on a classwide basis.").

Even if the Court were to credit Plaintiffs' belated assertion that they seek out-of-pocket damages and not consequential damages, it should still deny Plaintiffs' motion for class certification because Plaintiffs have made no showing that out-of-pocket damages can be calculated consistent with a "materialization of the risk" theory of liability.  Mr. Coffman has repeatedly stated that a stock price decline following the materialization of a concealed risk does *not* measure pre-materialization price inflation – *i.e.*, out-of-pocket damages.[1]  (Opp'n 14-15).  Accordingly, Mr. Coffman did not opine, as he typically does, that "it is clear that damages in this matter can be calculated using a methodology common to the class," or that Plaintiffs could rely on "an event study that measures price reactions to disclosures that revealed the relevant truth concealed by the alleged material omissions and/or misrepresentations."  (Opp'n 7-8)

The court in *In re BP p.l.c. Securities Litigation* correctly refused to certify a class based only on Mr. Coffman's conclusory assertion that, even if consequential damages were rejected,

---

[1] Plaintiffs' claims that Defendants "misleadingly represent" and "mischaracterize" Mr. Coffman's prior statements are without merit. (Reply 7 & n.4)  Plaintiffs themselves prevented Defendants from asking Mr. Coffman questions about that prior testimony at his deposition, and Plaintiffs' own assertions as to what Mr. Coffman did or did not say are unsupported by any citation to his testimony or reports.

2

out-of-pocket damages could be calculated consistent with a "materialization of the risk" theory of liability. No. 10-md-2185, 2014 WL 2112823, at *12 (S.D. Tex. May 20, 2014) (plaintiffs "have not given the Court any information about how the alternative calculation would be performed"). "Plaintiffs bear the burden of proving all relevant elements of Rule 23. That burden is not met by asking the Court simply to trust them." *Id.* Here, Mr. Coffman does not even make such a conclusory assertion. Plaintiffs have not met their burden, therefore, of showing that their alleged damages are capable of measurement consistent with their liability theory. *See Sicav v. James Jun Wang*, No. 12 Civ. 6682 (PAE), 2015 WL 268855, at *6 (S.D.N.Y. Jan. 21, 2015) ("[T]o evaluate the Rule 23 elements of predominance and superiority, the Court must understand, concretely, how plaintiffs propose to reliably establish damages.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification should be denied.

Dated:   New York, New York
         January 22, 2016            DEBEVOISE & PLIMPTON LLP

                                     By : /s/ Bruce E. Yannett_____
                                     Bruce E. Yannett (*beyannett@debevoise.com*)
                                     Elliot Greenfield (*egreenfield@debevoise.com*)
                                     Zachary H. Saltzman (*zhsaltzman@debevoise.com*)
                                     919 Third Avenue
                                     New York, New York  10022
                                     Tel: (212) 909-6000
                                     Fax: (212) 909-6836

                                     Jonathan R. Tuttle (*jrtuttle@debevoise.com*)
                                     Ada Fernandez Johnson (*afjohnso@debevoise.com*)
                                     801 Pennsylvania Avenue, N.W.
                                     Washington, D.C.  20004
                                     Tel: (202) 383-8000
                                     Fax: (202) 383-8118

                                     *Attorneys for Defendants Barrick Gold Corporation, Aaron W. Regent, Jamie C. Sokalsky, Ammar Al-Joundi, Peter Kinver, Igor Gonzales, George Potter and Sybil E. Veenman*

3