UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/16
```

—————————————————————————— x
                                        :
                                        :  Civil Action No. 1:13-cv-03851-RMB
In re BARRICK GOLD SECURITIES           :
LITIGATION                              :  [PROPOSED] ORDER PRELIMINARILY    RMB
                                        :  APPROVING SETTLEMENT AND
—————————————————————————— x  PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court entitled *In re Barrick Gold Securities Litigation*, Case No. 13 Civ. 3851 (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Amended Stipulation of Settlement, dated June 9, 2016 (the "Stipulation"), which, together with the exhibits annexed to it, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth in the Stipulation (the "Settlement"); and the Court having read and considered the Stipulation and the exhibits annexed to it; and

WHEREAS, by order filed March 23, 2016, the Court certified the class of all persons and entities who purchased Barrick Gold Corporation ("Barrick" or the "Company") publicly traded common stock on the New York Stock Exchange from May 7, 2009, through and including November 1, 2013 (the "Class Period") ("Class Members" and the "Class"), and excluded from the Class are: (i) Barrick, and Aaron W. Regent, Jamie C. Sokalsky, Ammar Al-Joundi, Peter Kinver, Igor Gonzales, George Potter, and Sybil E. Veenman (the "Individual Defendants," and with Barrick, the "Defendants"); (ii) members of the immediate families of the Individual Defendants; (iii) all subsidiaries and affiliates of Defendants, including Barrick's employee

retirement and benefit plans; (iv) any person who was a Barrick director or officer during the Class Period, as well as their liability insurance carriers, assigns, or subsidiaries thereof; (v) any entity in which any defendant has a controlling interest; and (vi) the legal representatives, heirs, successors, or assigns of any excluded party;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court hereby preliminarily approves the Settlement set forth therein, subject to further consideration at the fairness hearing described below.

2.    A hearing (the "Fairness Hearing") shall be held before this Court on October 18, 2016, at 10 a.m. in Courtroom 17B, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, to determine: (a) whether the proposed Settlement is fair and reasonable to the Class and should be approved by the Court; (b) whether a final judgment and order dismissing the case with prejudice on the terms and conditions provided in the Stipulation should be entered; (c) whether the proposed plan of allocation should be approved; and (d) the amount of reasonable fees and expenses that should be awarded to Motley Rice LLC ("Lead Counsel") and The Garden City Group, LLC ("Claims Administrator").  The Court may adjourn the Fairness Hearing.

3.    The Court approves the Notice of Proposed Settlement of Class Action (the "Notice"), summary notice, of proposed settlement ("summary notice"), and Proof of Claim and Release form (the "Proof of Claim") submitted  RMB to the Court on June 14, 2016 and finds that the mailing, distribution, and publication of the summary notice and Notice, substantially in the manner and form set forth in ¶¶ 4-5 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act, 15 U.S.C.

- 2 -

§ 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled to it.

4. The Court appoints the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) The Claims Administrator shall immediately post the complaint, Stipulation, this Order, summary notice, Notice, and Proof of Claim on the Settlement website at www.barrickgoldsecuritieslitigation.com.

(b) By June 21, 2016, the firm that serves as transfer agent for Barrick or its representatives shall provide to the Claims Administrator, at no cost to LRI Invest S.A. and Union Asset Management Holding AG ("Lead Plaintiffs") or the Class, transfer records in electronic searchable form, such as Excel, containing the names and addresses of persons and entities who purchased Barrick publicly traded common stock on the New York Stock Exchange during the Class Period;

(c) Not later than June 29, 2016 (the "Notice Date"), the Claims Administrator shall mail the summary notice, Notice, and Proof of Claim, substantially in the forms submitted to the Court as described supra in ¶ 3, by first class mail to all Class Members who can be identified with reasonable effort;

(d) Not later than June 29, 2016, the Claims Administrator shall cause the summary notice and Notice to be published once in the national edition of *The Wall Street Journal* and to be disseminated once over a national newswire service; and

(e) Not later than July 6, 2016, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

- 3 -

5.      Nominees who purchased Barrick publicly traded common stock on the New York Stock Exchange during the Class Period for the beneficial ownership of Class Members shall send the summary notice, Notice, and Proof of Claim to all such beneficial owners of Barrick common stock within ten (10) calendar days after receipt of the summary notice, Notice, and Proof of Claim from the Claims Administrator, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt of the summary notice, Notice, and Proof of Claim, in which event the Claims Administrator shall promptly mail the summary notice, Notice, and Proof of Claim to such beneficial owners. Upon nominees' timely compliance with the above, Lead Counsel shall, if requested, reimburse these nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the settlement fund, which expenses would not have been incurred except for the sending of such notice and will be subject to Court approval.

6.      All opening briefs and supporting documents in support of a final approval of the Settlement, the plan of allocation, and any application by Lead Counsel for attorneys' fees and expenses (the "Applications") shall be filed and served by September 7, 2016. Replies to any objections shall be filed and served by September 30, 2016.

7.      All Class Members who or which do not request exclusion from the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement.

8.      Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Class Members who or which does not enter an appearance will be represented by Lead Counsel.

9.      Any person or entity falling within the definition of the Class may, upon request, be **excluded**, or "opt out," from the Class. Any such person or entity must submit to the Claims

Administrator a signed request for exclusion ("Request for Exclusion") such that it is *postmarked* no later than September 21, 2016. A Request for Exclusion must state: (i) the name, address, and telephone number of the person or entity requesting exclusion; (ii) the number of shares and date of each purchase and sale of Barrick publicly traded common stock on the New York Stock Exchange and the price paid and/or received for any purchase or sale of Barrick publicly traded common stock on the New York Stock Exchange between May 7, 2009, and November 1, 2013, inclusive; and (iii) that the person or entity wishes to be excluded from the Class. All persons and entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the settlement fund, and shall not be bound by the Settlement or any final judgment.

10. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event before September 28, 2016.

11. Any Class Member may file a written objection to the proposed Settlement and explain any reason why the proposed Settlement of the Litigation should or should not be approved as fair and reasonable, why a judgment should or should not be entered thereon, why the plan of allocation should or should not be approved, or why fees and expenses should or should not be awarded, provided, however, that a Class Member or any other person or entity must deliver by hand or send by first class mail written objections and copies of any papers and briefs such that they are postmarked no later than September 21, 2016 to Lead Counsel:

- 5 -

**LEAD COUNSEL FOR PLAINTIFFS:**
James M. Hughes
Christopher F. Moriarty
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Lead Counsel shall forward a copy of all objections received by Lead Counsel to the Court and to counsel for Defendants. Any Class Member may also attend the Fairness Hearing in person or through a representative and be heard orally in favor of or in opposition to any approval of the proposed Settlement, plan of allocation, and/or award of fees and expenses.

12.     Any Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or reasonableness of the proposed Settlement as set forth in the Stipulation, to the plan of allocation, or to the award of fees and expenses, unless otherwise ordered by the Court.

13.     Any objections, filings, and other submissions by the objecting Class Member must: (i) state the name, address, and telephone number of the person objecting and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections, and the reasons for each objection, including, if they wish, any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (iii) include the objecting Class Member's purchases and sales of Barrick publicly traded common stock on the New York Stock Exchange during the Class Period, including the dates, the number of shares of Barrick publicly traded common stock purchased on the New York Stock Exchange or sold, and price paid or received for each such purchase or sale.

14.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained in them. Unless the Court orders

- 6 -

otherwise, all Proofs of Claim must be postmarked or submitted online no later than September 29, 2016. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the settlement fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may accept late-submitted claims for processing by the Claims Administrator so long as distribution of the settlement fund to authorized claimants is not materially delayed by it.

15. All funds held in the escrow account shall be deemed and considered to be in the legal custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

17. The following schedule of dates shall govern resolution of this Settlement:

| Event | Deadline |
|---|---|
| Summary notice, Notice, and the Proof of Claim shall be mailed by first class mail to Class Members | **June 29, 2016** |
| Summary notice and Notice to be published once in the national edition of *The Wall Street Journal* and to be disseminated once over a national newswire service | **June 29, 2016** |
| Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing | **July 6, 2016** |
| Deadline for filing and serving all opening briefs and supporting documents in support of the Applications | **September 7, 2016** |

- 7 -

| Deadline for submitting Requests for Exclusion (opt outs) | *Postmarked* by September 21, 2016 |
|---|---|
| Deadline for written objections or oppositions to any of the Applications | *Postmarked* by September 21, 2016 |
| Deadline for Class Members to submit of Proofs of Claim | *Postmarked or submitted online* by September 29, 2016 |
| Deadline for Lead Plaintiffs to file reply papers, if any, in further support of the Applications or in response to any objections | September 30, 2016 |
| Date of Fairness Hearing | October 18, 2016 at 10:00 a.m. |

DATED: **6/15/16**

THE HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE